133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry Bucasas BALANGUE; Elna Adorable M. Balangue, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70769.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Decided Jan. 8, 1998.
 
 Before: SCHROEDER, BEEZER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners Perry and Elna Balangue are citizens of the Philippines who entered the United States on false passports and visas in 1989. They applied for asylum and withholding of deportation. See 8 U.S.C. §§ 1158(a) & 1253(h). The Immigration Judge denied the application. The Balangues appealed to the Board of Immigration Appeals ("BIA"). The BIA affirmed the denial. The Balangues petition us for review. We have jurisdiction pursuant to 8 U.S.C. § 1105(a) and we deny the petition.
 
 
 3
 * We review the factual findings underlying the BIA's denial of asylum and withholding of deportation under the substantial evidence standard. Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir.1987). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will reverse the BIA only if the evidence presented to the Board was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 480 (1992)).
 
 
 4
 To show eligibility for asylum based on political opinion, petitioners must show either that they suffered past persecution or that they have a well-founded fear of future persecution based on a political opinion. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). Petitioners assert only that they have a well-founded fear of future persecution.
 
 
 5
 To establish a well-founded fear of future persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. The Board found, and the parties agree, that petitioners had a subjective fear. At issue on appeal is whether petitioners have an objectively reasonable fear of future persecution.
 
 
 6
 The objective component requires that petitioners show by "credible, direct, and specific evidence ... a reasonable fear of persecution" because of a political opinion. Id. (quoting Rodriquez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)). An applicant for asylum and withholding of deportation may prove his persecution claim with his own testimony if it is credible. Aquilera-Cota v. INS, 914 F.2d 1375, 1379 (9th Cir.1990).
 
 
 7
 We conclude that the BIA's decision was supported by substantial evidence. Petitioners testified that they were victims of theft, extortion and other crimes by the New Peoples Army ("NPA") between 1986 and 1991. The BIA found that the NPA persecuted them for their resources and not their political beliefs. Moreover, the Board relied on a State Department report that stated that NPA membership and presence has declined significantly since 1991. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (providing that social or political changes in the applicant's homeland are relevant to the likelihood of future persecution).
 
 II
 
 8
 Because petitioners failed to satisfy the lower standards required to establish eligibility for asylum, their claim for withholding of deportation fails. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc).
 
 PETITION DENIED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3